UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH KATZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>TRUEACCORD CORP.,<br><br>    Defendant. | Docket No. 1:25-cv-1988<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff Sarah Katz (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, against TrueAccord Corp., (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ l692(b) and 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plainitff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York in the County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address for service c/o its registered agent, Incorp Services, Inc., located at ONE COMMERCE PLAZA, 99 WASHINGTON AVE., STE. 805-A, ALBANY, NY, 12210

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in New York;

    b. to whom Defendant sent a collection letter;

    c. that included an amount interest;

    d. that is unreasonably excessive based on the itemization dates;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

The Sub-Class consists of:

a. all individuals with addresses in New York;

b. to whom Defendant sent a collection letter;

c. that included an amount of interest accrued since charge-off that was greater than zero;

d. that failed to include notice that the debt was subject to further accrual of interest/or in the alternative that further interest was being explicitly waived;

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692d, § l692e, § l692f, and § l692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §1692d, l692e, § l692f and § l692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 31, 2024, an obligation was allegedly incurred to a creditor, Merrick Bank ("Merrick").

21. Upon information and belief, Merrick contracted Defendant to act as their agent in collecting the subject debt from Plaintiff.

22. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Defendant was contracted for the purpose of collecting the subject debt on behalf of the creditor. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

<u>*Violations – April 12, 2024 Collection Letter Excessive Interest*</u>

26. On or about April 12, 2024, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Merrick (See "Letter" attached as Exhibit A.)

27. The Letter states in relevant part (Exhibit A):

You have an account with Merrick Bank with an account number ending in 4248. The address on file for you is ************************.

Your debt was charged off on March 31, 2024

| | |
|---|---|
| As of March 31, 2024, you owed: | $1,508.79 |
| Between March 31, 2024 and today: | |
| You were charged this amount in interest: | +  $459.39 |
| You were charged this amount in fees: | +     $0.00 |
| You paid or were credited with this amount toward the debt: | -     $0.00 |
| Total amount of the debt now: | $1,968.18 |

*See* Exhibit A.

28. As the letter states, between March 31, 2024 and "today" which would be April 12, 2024 - a mere 13 days - Defendant charged Plaintiff $459.39 in interest.

29. To charge almost a third of the debt as interest for the brief period of 13 days is excessively high and beyond the realm of a reasonable or legal amount to be charged for interest.

30. Plaintiff was misled and had ample reason to suspect the veracity and validity of the collection of this debt.

31. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is

incorrect, inconsistent, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

32. Defendant created an ambiguous, confusing, and misleading collection notice which made it difficult for Plaintiff to understand the nature of the subject debt.

33. Further, to charge such a high excessive interest rate for such a short period of time is abusive and/or oppressive debt practice.

*Failure to Clarify Interest Accrual*

34. Since interest has accrued from the date of charge-off, it is understood that interest will continue to accrue unless it is explicitly waived.

35. Furthermore, it is clear from the Letter that interest has not been previously waived as $459.39 has already accrued on this debt.

36. Unless Defendant explicitly writes that it is waiving interest then interest continues to accrue.

37. Defendant failed to accurately inform Plaintiff that the amount of the debt stated in the Letter will increase over time, thus misstating the total amount and character of debt owed.

38. Plaintiff was therefore confused about whether her debt was still accruing interest.

39. Based on "total amount of the debt now" it seemed that Plaintiff's debt was final and not subject to additional interest accrual.

40. As Defendant did not state that interest will continue to accrue, Plaintiff was confused about whether the total debt stated in the Letter was subject to accrual of interest as of the time of the Letter.

41. Plaintiff was not certain whether paying $1,968.18 – "the total amount of the debt now" – would satisfy her debt obligation, or if there would still be a remaining balance due to outstanding interest fees.

42. As a result, Plaintiff incurred an injury as Defendant misrepresented the balance due by failing to include the fact that interest would continue to accrue from the date of the Letter going forward.

43. Defendant misstates the current balance on the account and the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

44. One consumer may reasonably understand that if she pays the stated "current balance" at a later date she will satisfy her debt in full.

45. Another consumer may reasonably understand that paying the stated amount at a later date would not in fact satisfy her debt in full.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

48. Now, consumers have a right to receive proper notice of the amount of debt due and whether their debts are subject to interest. When a debt collector fails to effectively inform the consumer of the amount of debt due, in violation of the law, the debt collector has harmed the consumer.

49. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

50. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff did not know whether her debt was currently subject to the accrual of interest.

52. When faced with paying a static debt or a debt incurring interest the Plaintiff would have preferred to commit resources towards the debt accruing interest.

53. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

54. Plaintiff has suffered harm in the form of emotional distress and severe anxiety.

55. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

58. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59. Defendant violated §1692d:

    a. By charging Plaintiff excessively high interest for a thirteen (13) day period;

    b. And by failing to clarify and explain future accrual of interest charged for the debt.

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

63. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. Defendant violated §1692e:

    a. As the letter falsely represents the true amount of the debt in violation of §1692e(2); and

    b. As the letter falsely represents the character and legal status of the debt in violation of §1692e(2)(A); and

    c. By making a false and misleading representation in violation of §1692e(10).

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692f** *et seq.*

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

68. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

69. Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

70. Defendant violated § 1692f:

    a. By unfairly and unconscionably sending collection letters that do not state that interest will continue to accrue on the account; and

    b. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications that do not explicitly inform the Plaintiff and the Class members of the interest accrual.

71. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.

72. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

74. Pursuant to 15 U.S.C. §1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

75. Defendant violated §1692g(a):

   d. As the letter falsely represents the true amount and identity of the debt in violation of §1692g(a)(1).

76. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sarah Katz, individually and on behalf of all others similarly situated, demands judgment from Defendant TrueAccord Corp. as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: April 9, 2025                                    Respectfully Submitted,

**Stein Saks PLLC**

*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza
Hackensack, NJ 07761
Phone: (201)282-6500
Fax: (201)282-6501
rsalim@steinsakslegal.com

*Attorney for Plaintiff*